**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Vernon O. HOLLAND and James Davis Drane Mauldin, Jr., Defendants–Appellants.**

**No. 91–5111.**

United States Court of Appeals, Tenth Circuit.

Feb. 13, 1992.

---

Kenneth P. Snoke, Asst. U.S. Atty. (Tony M. Graham, U.S. Atty., with him on the briefs), Tulsa, Okl., for plaintiff-appellee.

William A. Cohan, Cohan & Greene, Encinitas, Cal. (Lowell H. Becraft, Jr., Huntsville, Ala., and James D. Williams, Tulsa, Okl., with him on the briefs) for defendants-appellants.

Before HOLLOWAY, MOORE and BRORBY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This interlocutory appeal asks whether *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), bars a second prosecution for certain violations of the Internal Revenue Code after defendants' first trial on similar charges ended in a mistrial. Vernon O. Holland and James Davis Drane Mauldin, Jr., hinge their double jeopardy claim to the government's dismissal, with prejudice, of a charge of conspiracy to defraud under 18 U.S.C. § 371 shortly before retrial. Defendants then contended jeopardy necessarily tainted the remaining substantive counts previously charged as overt acts and prohibited their separate reprosecution. Holding *Grady* was distinguishable, the district court denied defendants' motions to dismiss but held *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), permitted this appeal. Because defendants' double jeopardy claim lacks the necessary predicate of termination of original jeopardy on the substantive counts, *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), we affirm.

I.

In February 1990, a federal grand jury charged defendants with conspiracy to defraud the United States Government under 18 U.S.C. § 371. Count I alleged defendants conspired to impede and impair the lawful function of the IRS in ascertaining, computing, assessing, and collecting personal income taxes from defendants. To this end, defendants allegedly established and operated a "warehouse bank" in Tulsa, Oklahoma, called the National Currency Exchange, which later became the Freeman Education Association. Through this vehicle, defendants allegedly handled cash transactions designed to evade IRS reporting requirements. Allegedly, an interest-bearing account in the Cayman Islands, British West Indies, was a repository for the concealed funds in the domestic operations. In the first indictment (Holland I), Count I included a description of the means of accomplishing the conspiracy and set forth twenty overt acts evidencing the existence of the conspiracy. Count II charged defendant Mauldin with sending the IRS a letter stating defendant Holland received no wages, salary, or other income from the Freeman Education Association, a statement he knew was false in violation of 18 U.S.C. § 1001.[1] Count III charged defendant Holland with knowingly and willfully failing to report income on IRS Form 1040 and/or on a Report of Foreign Bank

---

1. 18 U.S.C. § 1001 states:

 Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

and Financial Accounts Treasury Form 90–22.1, his financial interest in or signature authority over a foreign bank account held in the name of the Freeman Education Association in violation of 31 U.S.C. §§ 5314 and 5322(b) and 31 C.F.R. § 103.24. Count IV charged defendant Holland with knowingly and willfully failing to report income on Income Tax Form 1040 and/or on a Report of Foreign Bank and Financial Accounts Treasury Form 90–22 in violation of 31 U.S.C. §§ 5314 and 5322(b) and 31 C.F.R. § 103.24. Count V charged defendant Holland with willful failure to disclose his financial interest in or signature authority over a foreign bank account in violation of 31 U.S.C. §§ 5314 and 5322(b). Counts III, IV, and V were also alleged to have been committed while violating 18 U.S.C. § 371.

After a three-week trial, the jury was unable to reach a verdict on any of the five counts. The district court stated it granted the mistrial because of " 'manifest necessity' " and because a mistrial was "the only means by which the 'ends of public justice' could be fulfilled," citing *United States v. Perez*, 9 Wheat. 579, 6 L.Ed. 165 (1824). The court stated it would set the matter for retrial unless the government did not plan to retry the case.[2]

Subsequently, the government filed a superseding indictment (Holland II) on October 4, 1990. Holland II essentially mirrored Holland I upon which defendants had already been tried. One week before defendants' retrial was scheduled to begin, the government moved to dismiss Count I, § 371 conspiracy, representing it acted "in the interest of justice" under Fed.

R.Crim.P. 48(a). Defendants did not contest the government's motion provided Count I was dismissed with prejudice. The government readily agreed to this disposition. Count I thus eliminated,[3] defendants moved to dismiss the indictment on the ground the Double Jeopardy Clause of the Fifth Amendment barred reprosecution of charges explicitly incorporated in Count I.

## II.

Before the district court, defendants contended each remaining count only narrowed the focus on an alleged act, for example, failure to report income, "but the greater includes the lesser, and the greater is alleged as an overt act in furtherance of the conspiracy, namely that he failed to file a 1040 at all so we're talking about the same conduct." R. IX, 10. Under *Grady*, defendants urged, the same conduct the government dismissed with prejudice would then be used to reprosecute them on the remaining charges. This argument is elaborated on appeal with reference to the jury instructions given in the first trial[4] and reliance on post-*Grady* cases, *United States v. Felix*, 926 F.2d 1522 (10th Cir.), cert. granted, —— U.S. ——, 112 S.Ct. 47, 116 L.Ed.2d 25 (1991); *United States v. Calderone*, 917 F.2d 717 (2d Cir.1990); and *United States v. Gambino*, 920 F.2d 1108 (2d Cir.1990), cert. denied, —— U.S. ——, 112 S.Ct. 54, 116 L.Ed.2d 31 (1991).

The government distinguishes *Grady* as a single transaction, successive prosecution case while this case is a "continuing prosecution." Relying on *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 the government insists be-

---

2. Defense counsel objected to the declaration of a mistrial arguing the court should have granted defendants' motion for a directed verdict instead. R. VIII, 4.

3. The court also granted the government's motion to amend Holland II to delete references in Counts II, IV, and V to 18 U.S.C. § 371 as well as correcting the reference in Holland II from 31 U.S.C. § 5322(b) to 31 U.S.C. § 5322(a) in Counts III, IV, and V.

4. For example, defendants cite the jury instruction on " 'Conspiracy'—Defined," which states in part:

It is not necessary for the prosecution to prove that all the means or methods set forth in the indictment were agreed upon to carry out the conspiracy, or that all such *means, methods,* or *overt acts* were actually used or put into operation. It is, however, necessary that the evidence establish to the satisfaction of the jury that *one or more* of the *means* or *methods* described in the indictment was agreed upon to be used in an effort to effect or accomplish some object or purpose of the conspiracy as charged in the indictment. (defendants' emphasis added). Appellants' Appendix at 69.

cause jeopardy never attached after the first mistrial and the dismissal with prejudice does not amount to an adjudication on the merits, the continuing prosecution of defendants is not barred by double jeopardy.

### III.

The Supreme Court furnishes our starting point in holding "the failure of the jury to reach a verdict is not an event which terminates jeopardy." *Id.* at 325, 104 S.Ct. at 3086. The Court reasoned:

> The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial.

*Id.*

Therefore, the government could properly reindict and retry defendants on the same charges without offending principles of double jeopardy because the required event, such as an acquittal, did not occur to terminate the original jeopardy on the counts remaining for retrial. Reindictment, in the circumstances of this case, is equivalent to retrial under the original indictment.

Nevertheless, although defendants do not contest the government's right to retrial, they urge the dismissal with prejudice of one of those charges in the superseding indictment sets up the double jeopardy bar that taints the entire second prosecution. To reach this result, defendants rely on the "conduct test" articulated in *Grady,* quoting, "to establish an essential element of an offense charged in that [subsequent] prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prose-

cuted." *Grady,* 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548.

Not only is this contention supported by a false assumption about the effect of the dismissal with prejudice in this case, but also it overlooks a fundamental principle of conspiracy jurisprudence. First, we have no record other than the government's representations at oral argument about its reasons for dismissing Count I.[5] In fact, the district court did not inquire before granting the Rule 48(a) motion about "the prosecutor's reasons for dismissing the indictment and the factual basis for the prosecutor's decision." *United States v. Strayer,* 846 F.2d 1262, 1265 (10th Cir.1988) (citing *United States v. Derr,* 726 F.2d 617, 619 (10th Cir.1984)). By agreeing to dismiss Count I with prejudice, the government inadvertently achieved the remedial purposes of Rule 48(a). However, to construe this result as the equivalent of an acquittal or an adjudication on the merits of all counts simply because Count I incorporated the other four counts as overt acts or means or methods is not the necessary consequence of the dismissal. Nevertheless, we hold jeopardy attaches to the dismissal with prejudice of Count I. *Derr,* 726 F.2d at 619.

This conclusion, however, does not mandate dismissal of the remaining counts in the superseding indictment. Although defendants were already "prosecuted" for the substantive charges reflected in the superseding indictment, those counts were never resolved for jeopardy purposes because the court declared a mistrial. Nor are these counts inextricably bound to the conspiracy charge.

"A conspiracy is a partnership in crime," *Pinkerton v. United States,* 328 U.S. 640, 644, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489 (1946), with "ingredients, as well as implications, distinct from the completion of the unlawful project." *Id.* (citations omitted). It is the *agreement,* separate and apart from the overt act itself, which comprises the crime. "It has been long and consist-

---

**5.** The government represented at oral argument the conspiracy count was dismissed to cut down

on the length of the scheduled trial and the amount of evidence it intended to introduce.

ently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Id.*[6] *Pinkerton* recognized certain limited exceptions to this principle. For example, when the agreement of two actors is necessary to the completion of the substantive crime, "there is no ingredient in the conspiracy which is not present in the completed crime." *Id.* However, none of the substantive crimes remaining in the superseding indictment fit these exceptions.

Consequently, prosecution of the substantive crimes charged in the superseding indictment does not offend the third concern in double jeopardy analysis.

> '[The Double Jeopardy Clause] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'

*Grady,* 110 S.Ct. at 2090, quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Because the superseding indictment in this case does not amount to a successive prosecution, and defendants can be separately charged for the remaining offenses, this case falls outside of *Grady*'s domain. Defendants' double jeopardy claim is therefore unfounded, and we AFFIRM the district court's denial of the motion.

---

**6.** *Pinkerton,* in fact, affirmed the vicarious liability of one coconspirator for the substantive acts committed by his brother.