19 F.3d 1444
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon O. HOLLAND, and James Davis Drane MAULDIN, Jr.,
Defendants-Appellants.
 No. 93-5014.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1994.
 
 Before EBEL and KELLY, Circuit Judges, and SETH, Senior Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 The Defendant-Appellants, Vernon O. Holland ["Holland"] and James Davis Drane Mauldin, Jr. ["Mauldin"], appeal from the district court's denial of their motion to dismiss the government's prosecution for violations of the Internal Revenue Code. In this interlocutory appeal, Holland and Mauldin raise two issues: (1) whether the Double Jeopardy Clause of the Fifth Amendment[2] bars the government's prosecution because the court dismissed with prejudice one count of the original indictment; and (2) whether the government engaged in a vindictive prosecution aimed at depriving Holland and Mauldin of their First Amendment rights. Because we conclude that double jeopardy does not bar this prosecution and that there is an inadequate showing that the government failed to act in good faith in bringing this criminal prosecution, we affirm the court's denial of Holland and Mauldin's motion to dismiss.[3]
 
 I. BACKGROUND
 
 2
 In a five-count indictment issued on February 8, 1990, a federal grand jury charged Holland and Mauldin with offenses arising from their operation of a "warehouse bank" in Tulsa, Oklahoma. Our prior opinion in U.S. v. Holland, 956 F.2d 990 (10th Cir.), cert. denied, 113 S.Ct. 180 (1992) ["Holland I "] provides a full recitation of the offenses charged in the indictment and the pertinent facts in this matter.
 
 
 3
 To summarize, the indictment charged Holland and Mauldin with one count of conspiracy to defraud the United States Government in violation of 18 U.S.C. 371 (Count One); charged Mauldin with one count of filing false information with the Internal Revenue Service ["IRS"] in violation of 18 U.S.C. 1001 (Count Two); and charged Holland with three counts of failing to report income and to disclose a financial interest in, or signatory authority over, a foreign bank account (Counts Three, Four & Five) in violation of 31 U.S.C. 5314 & 5322(b) and 31 C.F.R. 103.24. After the jury failed to reach a verdict on any of the counts, the district court declared a mistrial because of "manifest necessity" under the rule of U.S. v. Perez, 9 Wheat 579 (1824). On October 4, 1990, the government filed a superseding indictment that contained the same counts as appeared in the original indictment. Pursuant to F.R.Crim.P. 48(a),[4] the government moved to dismiss the conspiracy charge. At the Defendants' request, the government agreed to a dismissal with prejudice of the conspiracy count and, on July 23, 1991, the court dismissed the charge with prejudice. In addition, the court granted the government's motion to delete references to the conspiracy charge in Counts Two, Four, and Five and also to replace the citation to 31 U.S.C. 5322(b) in Counts Three, Four, and Five with a citation to 31 U.S.C. 5322(a). Holland I, 956 F.2d at 992 n. 3.
 
 
 4
 The amendments to Counts Three, Four, and Five in the indictment reflected that, in the absence of the conspiracy count, the government elected to charge Holland with the lesser included offense--5322(a)--rather than the greater offense of 5322(b), which required proof that the violation of the subchapter occurred while the defendant violated another federal law or as part of a pattern of illegal activity.[5] The amendment to Count Two simply dropped the reference to 18 U.S.C. 371. Prior to the retrial, the Defendants moved to dismiss the indictment, arguing that the Double Jeopardy Clause barred retrial of the four substantive offenses.
 
 
 5
 In Holland I, we held that, although jeopardy attached to the dismissal with prejudice of the conspiracy count, the Double Jeopardy Clause did not bar a retrial on the four substantive counts because the court declared a mistrial when the jury failed to reach a verdict. Holland I, 956 F.2d at 993 (citing U.S. v. Richardson, 468 U.S. 317, 325 (1984)). We reasoned that a conspiracy to commit a crime and a substantive crime do not constitute the "same offence" for double jeopardy purposes, a distinction recently affirmed by the Supreme Court in U.S. v. Felix, 112 S.Ct. 1377, 1384 (1992). Because the superseding indictment charged Holland and Mauldin with the substantive offenses alone, we affirmed the district court's denial of Holland and Mauldin's motion to dismiss on double jeopardy grounds. Holland I, 956 F.2d at 994.
 
 
 6
 On November 27, 1992, Holland and Mauldin filed a second motion to dismiss, alleging that the government's prosecution was motivated by a bad faith attempt to deprive the Defendants of their First Amendment associational and speech rights in violation of P.H.E, Inc., 965 F.2d at 857. On December 7, 1992, the district court issued an order sua sponte, directing the parties to file briefs addressing: (1) whether the conspiracy count is available as a predicate second violation as charged in the indictment for Counts III, IV, and V; and (2) if the conspiracy count is unavailable, whether Holland is subject to conviction under 5322(a) as a lesser included offense of 5322(b). The Defendants argued that the Double Jeopardy Clause barred the prosecution of Holland under 5322(a) and that the government was engaged in an unconstitutionally selective prosecution. In its order of January 12, 1993, the court denied both the Defendants' motion to dismiss the indictment based on vindictive prosecution and their request to dismiss on double jeopardy grounds. Order of January 12, 1993 at 14-15.
 
 II. DOUBLE JEOPARDY
 
 7
 We review de novo the court's conclusion regarding the double jeopardy claim. U.S. v. Raymer, 941 F.2d 1031, 1037 (10th Cir.1991). The defendant bears the burden of establishing the facts to support a double jeopardy claim. U.S. v. Jones, 816 F.2d 1483, 1486 (10th Cir.1987). Before the court is Holland's claim that double jeopardy barred prosecution under the amended Counts Three, Four, and Five.
 
 
 8
 Holland packages his double jeopardy argument as a syllogism. First, he states that jeopardy attached for the five counts when the jury was sworn. Holland Br. at 16. Next, he assumes that the court's dismissal with prejudice of the conspiracy count constituted an "acquittal." Id. at 15. Holland then concludes that because he cannot be charged with committing the predicate act for 5322(b), jeopardy has therefore terminated on the greater offense in Counts Three, Four, and Five. Id. Holland next states that the lesser included offense of 5322(a) is the "same offence" for double jeopardy purposes as the greater offense of 5322(b) under the Blockburger test because all the elements of the lesser included offense are contained in the greater offense.[6] Finally, Holland asserts that double jeopardy bars prosecution of the amended Counts Three, Four, and Five--although these counts only charge a violation of the lesser included offense of 5322(a).
 
 
 9
 We conclude that Holland I is res judicata as to Holland's claim that double jeopardy bars the retrial of Counts Three, Four, and Five. Although jeopardy attached for the purposes of these counts when the jury was sworn, Downum v. U.S., 372 U.S. 734 (1963), the "counts were never resolved for jeopardy purposes because the court declared a mistrial." Holland I, 956 F.2d at 993. By the terms of the superseding indictment, Counts Three, Four, and Five charge Holland with violations of 31 U.S.C. 5322(a)--an offense contained in the original indictment, but one on which the jury failed to reach a verdict. Therefore, the Defendants' "double jeopardy claim lacks the necessary predicate of termination of original jeopardy on the substantive counts." Holland I, 956 F.2d at 991.
 
 
 10
 Holland cannot avoid the preclusive effect of Holland I by arguing that the dismissal with prejudice of the conspiracy count tainted the government's prosecution of the substantive offenses. In Holland I, Holland anchored his claim on the "same conduct" test in Grady v. Corbin, 495 U.S. 508, 510 (1990), and argued that double jeopardy barred the government from proving the conduct of the conspiracy as an element of the substantive offense under 5322(b). Under the Grady test, the double jeopardy bar applies when, "to establish an essential element of an offense charged in [the subsequent] prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Not only did we hold in Holland I that the dismissal of the conspiracy count in no way resulted in a double jeopardy bar to retrial on the substantive offenses for which a mistrial was declared, but the Supreme Court expressly overruled the Grady "same conduct" test just last term in U.S. v. Dixon, 113 S.Ct. 2849 (1993).
 
 
 11
 Holland now presents precisely the same argument, only this time he invokes the Blockburger "same elements" test to support his claim that the conspiracy count dismissal bars retrial on the substantive offenses. However, Blockburger is inapplicable. The government did not seek cumulative punishment of Holland by alleging that the same act or transaction constituted a violation of two statutory provisions. Instead, the initial indictment charged Holland with either violating the lesser included offense of 5322(a) or the greater offense of 5322(b)--depending upon whether the jury concluded that Holland and Mauldin were engaged in a conspiracy to defraud the United States Government.[7] Because the jury failed to reach a verdict regarding both 5322(a) and 5322(b), Blockburger does not bar a retrial following the court's declaration of a mistrial. The original indictment contained both statutory provisions and double jeopardy does not bar retrial of Holland on the lesser offense.
 
 II. VINDICTIVE PROSECUTION
 
 12
 We apply the clearly erroneous standard in reviewing the court's finding of fact that the government did not engage in a vindictive prosecution aimed at depriving Holland and Mauldin of their First Amendment rights. P.H.E., Inc., 965 F.2d at 857. "A finding of fact is not clearly erroneous unless it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.' " Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990) (quoting LeMaire ex rel. LeMaire v. U.S., 826 F.2d 949, 953 (10th Cir.1987).
 
 
 13
 In P.H.E., this court held that the "First Amendment bars a criminal prosecution where the proceeding is motivated by the improper purposes of interfering with the defendant's constitutional[ ]" rights. P.H.E., 965 F.2d at 849; see also Wayte v. U.S., 470 U.S. 598, 608 (1985) ("[T]he decision to prosecute may not be deliberately based upon an unjustifiable standard ... including the exercise of protected statutory and constitutional rights."). To gauge the underlying motive for a prosecution, we consider: "whether, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific right." Raymer, 941 F.2d at 1042. The Raymer test consists of two stages. First, the defendant has the burden of proof to show either "(1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." Id. Once the defendant satisfies this evidentiary requirement, the burden shifts to the prosecution to justify its decision to prosecution with "legitimate, articulable, objective reasons." Id.
 
 
 14
 Guided by the Raymer test, the district court held that the government "amply demonstrated a compelling interest, i.e. a good faith criminal investigation, sufficiently focused on Defendants' non-First Amendment Rights." Order of January 12, 1993 at 14. Particularly relevant for the court's consideration was the trial record, which the court concluded offered strong evidence to refute the Defendants' allegations that the government sought to stifle their speech and associational rights.
 
 
 15
 [T]he Court has had the benefit of hearing and seeing the Government's evidence ... presented in the first trial in which a mistrial was granted due to a hung jury. The entire record indicates separate alleged federal statutory criminal violations not commenced with the underlying motive of ... interfering with the Defendants' legitimate First Amendment rights to voice opposition to the federal income tax laws and/or the national monetary system.
 
 
 16
 Id. n. 9. We have held that the governmental interest in conducting a "good-faith criminal investigation into possible evasion of [income] reporting requirements" may outweigh the possibility that the investigation will infringe upon the right to associate for expressive purposes. First National Bank of Tulsa v. U.S. Dept. of Justice, 865 F.2d 217, 220 (10th Cir.1989).
 
 
 17
 Here, the court conducted an evidentiary hearing, scrutinized the testimony of Internal Revenue Service officials who participated in the investigation and garnered evidence, and concluded that the government had not engaged in an unconstitutionally selective prosecution of the Defendants. In addition to the trial record, the court based its finding on the testimony of an Internal Revenue Service special agent who recited the history of the criminal investigation into the Defendants' alleged violations of federal income tax laws. Order of January 12, 1993 at 5.
 
 
 18
 Merely identifying oneself as belonging to an organization that expresses opposition to existing federal income tax laws and that boycotts the Federal Reserve System is insufficient to establish that the government is engaged in an unconstitutionally selective prosecution. The Defendants cannot obtain immunity from criminal prosecution simply by engaging in a vocal campaign against existing federal income tax laws. See e.g., U.S. v. Johnson, 577 F.2d 1304, 1309 (5th Cir.1978) ("Selection ... is not impermissible solely because it focuses upon those most vocal in their opposition to the law which they are accused of violating.") Instead, the Defendants must prove that the government has singled them out for criminal prosecution based upon a desire to prevent them from exercising their constitutional rights. Our review of the record satisfies us that the court's findings are not clearly erroneous.
 
 
 19
 We therefore AFFIRM the court's denial of the Defendants' motion to dismiss.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of the law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 2 U.S. Const. amend V provides: "... nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."
 
 
 [3]
 Our jurisdiction over these claims arises from the "collateral order" exception to the bar against interlocutory appeals in criminal cases. See Abney v. U.S., 413 U.S. 651 (1977) (denial of defendant's pretrial motion to dismiss an indictment on double jeopardy grounds is appealable as a collateral order under 28 U.S.C. 1291); U.S. v. P.H.E., Inc. a/k/a Adam & Eve, 965 F.2d 848, 853 (10th Cir.1992) (granting interlocutory appeal to consider vindictive prosecution claim because appellants presented a First Amendment "right not to be tried" claim that would be "lost, probably irreparably," if review had to await final judgment)
 
 
 [4]
 F.R.Crim.P. 48(a) provides: "The Attorney General or the United States Attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without consent of the defendant."
 
 
 [5]
 31 U.S.C. 5322 provides:
 (a) A person willfully violating this subchapter or a regulation prescribed under this subchapter ... shall be fined not more than $250,000, or imprisoned for not more than five years, or both.
 (b) A person willfully violating this subchapter or a regulation prescribed under this subchapter ... while violating another law of the United States or as part of a pattern of illegal activity involving more than $100,000 in a 12-month period, shall be fined not more than $500,000, imprisoned not more than 10 years, or both. (emphasis added).
 
 
 [6]
 The Blockburger test provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. U.S., 284 U.S. 299, 304 (1932)
 
 
 [7]
 The court's jury instruction provides: "In reference to Counts 3, 4 and 5, if you find Defendant Holland not guilty as to Count 1, you should still determine whether Defendant Holland is not guilty or guilty of Counts 3, 4 and 5. This is because if the second element of the essential elements of the offense charged in Counts 3, 4 and 5 is absent, the remaining elements (first and third, that is, knowing and willful failure to report a foreign bank account), constitute a lesser included offense of Counts 3, 4 and 5." Holland App. Vol. I at 103