**Ex parte Trudy Lynn LEGRAND.**

**No. 14–08–00515–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 21, 2009.

Rehearing Overruled July 16, 2009.

---

Timothy A. Hootman, Houston, for appellant.

Kevin P. Keating, Houston, for state.

Panel consists of Justices YATES and GUZMAN, and Senior Justice PRICE.*

## OPINION

FRANK C. PRICE, Senior Justice.

Appellant, Trudy Legrand, received a new trial following a conviction for Class B misdemeanor theft, but she maintains that double-jeopardy and due process principles bar the State's efforts to re-try her. The trial court denied appellant's request for habeas corpus relief. We affirm.

## BACKGROUND

On May 7, 2006, the State filed a criminal information (the "first information")

* Senior Justice Frank C. Price sitting by assignment.

against appellant, charging her with theft of property valued at more than $50 but less than $500, a Class B misdemeanor. *See* Tex. Penal Code Ann. § 31.03(a), (e)(2) (Vernon Supp. 2008). Although the information alleged theft of only two items—one DVD and one video game—from a Wal–Mart store, the State insists that appellant stole several more items, as well. Apparently, however, the trial court forbade the State from introducing evidence or otherwise commenting on appellant's alleged theft of property other than that specifically named in the charging instrument.[1]

Notwithstanding that ruling, the prosecutor specifically remarked during the State's opening statement that, in addition to the two items identified in the information, "[t]here were many other items taken[.]" Thereafter, the record also contains several further references to appellant's theft of "other merchandise." Appellant requested a mistrial on at least three occasions, arguing that the State violated the trial court's pre-trial exclusionary ruling. Appellant's requests were denied. After the jury convicted appellant of the charged offense, however, the trial court granted a new trial to appellant, stating "[T]he third time that [appellant] demanded a mistrial, I should have granted it[.]"[2]

The State then filed a new information (the "second information") charging the appellant with Class A misdemeanor theft, and dismissed the first information. Appellant moved to quash the second information and argued that, by increasing the charges after appellant obtained a new trial, the State acted with prosecutorial vindictiveness. The State then dismissed the second information, and filed another information (the "third information") that again charged appellant with Class B misdemeanor theft. Appellant filed a petition for a writ of habeas corpus, contending that, pursuant to double-jeopardy principles, the State could not re-try her for theft.

Following an evidentiary hearing, the trial court denied appellant's requested relief. On appeal, appellant contends that jeopardy and due process principles bar the State's efforts to re-try her because (1) the case was dismissed after jeopardy attached; (2) the State goaded her, through its misconduct at trial, into requesting a new trial; and (3) by vindictively increasing the charges in response to appellant's request for a new trial, the State violated her due process rights.

## STANDARD OF REVIEW

One who applies for a writ of habeas corpus carries the burden of proving her allegations by a preponderance of the evidence. *Ex parte Alakayi,* 102 S.W.3d 426, 430 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd). We review the trial court's decision to deny habeas corpus relief for an abuse of discretion, and will consider the facts in the light most favorable to the court's ruling. *Ex parte Wheeler,* 203 S.W.3d 317, 324 (Tex.Crim. App.2006). We afford almost complete deference to the trial court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Ex parte Tarlton,* 105 S.W.3d 295, 297 (Tex.App.-Houston [14th Dist.] 2003,

---

1. The reporter's record, which begins with the State's opening statement, does not contain the trial court's ruling. In their briefs, both of the parties generally allude to the ruling in question as having occurred before trial began.

2. The trial judge later explained that the new-trial order was "not based on prosecutorial misconduct" but, rather, resulted from a violation of a motion in limine.

no pet.). We apply the same deference to review the trial court's application of law to fact questions, if the resolution of those determinations rests upon an evaluation of credibility and demeanor. *Id.* However, if the outcome of those ultimate questions turns upon an application of legal standards, we review the trial court's determination *de novo. Id.*

## ANALYSIS

■ The Fifth Amendment to the United States Constitution guarantees that a person shall not "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The prohibition against double jeopardy protects an accused from a second prosecution for the same offense following a conviction or acquittal, as well as multiple punishments for the same offense. *See Ex parte Kopecky,* 821 S.W.2d 957, 958 (Tex.Crim.App. 1992). This constitutional protection also embraces a defendant's "right to have his trial completed by a particular tribunal." *United States v. DiFrancesco,* 449 U.S. 117, 128, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

### A. Dismissal Following Jury Trial

■ Appellant's first issue arises from the State's dismissal of the first information following conviction and the granting of a new trial. Appellant argues that, because the State dismissed the first information after jeopardy attached, she cannot be retried. The State responds that appellant remains under "continuing jeopardy" because the conviction was set aside for reasons other than sufficiency of the evidence.

■■ Subject to the trial court's consent, the State is free to dismiss a criminal action at any time. *See* Code Crim. Proc. Ann. art. 32.02 (Vernon 2006). However, depending on the timing of the State's motion for dismissal, the Fifth Amendment may bar a subsequent prosecution following dismissal of the charging instrument. *See Brown v. State,* 900 S.W.2d 805, 807 (Tex.App.-San Antonio 1995, pet. ref'd). Generally, if dismissal occurs before jeopardy attaches, double jeopardy does not bar a later prosecution. *Proctor v. State,* 841 S.W.2d 1, 4 (Tex.Crim.App.1992). By contrast, if the State dismisses an information after jeopardy has attached, it may not thereafter prosecute the defendant for that offense for which she was earlier placed in jeopardy of conviction. *See Ex parte Goodman,* 152 S.W.3d 67, 71 (Tex. Crim.App.2004). In that event, "the State loses the opportunity to try that charge forever." *Brown,* 900 S.W.2d at 807.

■ Double-jeopardy considerations come into play only after a defendant was placed in jeopardy a first time. *Ex parte George,* 913 S.W.2d 523, 525 (Tex.Crim. App.1995). Here, because appellant was tried by a jury, jeopardy attached when the jury was empaneled and sworn. *See Goodman,* 152 S.W.3d at 71 n. 6. Appellant concludes, then, that because the State dismissed the first information after the jury was empaneled and sworn, she cannot be re-tried for the same offense. We disagree with appellant's application of the general rule in this case.

■ When, as here, a trial proceeds to verdict and the conviction is set aside,[3] a

3. In this double-jeopardy context, courts draw no distinction between convictions that are set aside in the trial court (*i.e.,* by the granting of a motion for new trial) and those that are reversed on appeal. *See Ex parte McAfee,* 761 S.W.2d 771, 780 (Tex.Crim.App.1988); *Frank-* *lin v. State,* 693 S.W.2d 420, 432 (Tex.Crim. App.1985); *Ex parte Cooks,* 979 S.W.2d 53, 56 (Tex.App.-Amarillo 1998, pet. ref'd) ("Although there was no appellate reversal in this case, the end result is the same, namely, appellant will have another day in court."); *see*

subsequent trial is not automatically jeopardy-barred. *Ex parte Mitchell,* 977 S.W.2d 575, 578 (Tex.Crim.App.1997) (citing *Ball v. United States,* 163 U.S. 662, 669, 16 S.Ct. 1192, 41 L.Ed. 300 (1896)). That is, although the Double Jeopardy Clause prevents a new trial if the conviction was reversed for insufficiency of the evidence, it does not bar retrial of a defendant whose conviction was set aside because of an error in the proceedings leading to conviction. *See Burks v. United States,* 437 U.S. 1, 10–11, 14, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Mitchell,* 977 S.W.2d at 578. Under the theory of "continuing jeopardy," a defendant may be retried after her conviction was reversed on appeal, because the proceedings against her never ceased. *Mitchell,* 977 S.W.2d at 579. The doctrine has been held to apply "where criminal proceedings against an accused have not run their full course." *Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 308, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984). In those scenarios, the new trial can be regarded as "an enlarged, fact-sensitive part of a single, continuous course of judicial proceedings." *Id.* at 309, 104 S.Ct. 1805.

Appellant acknowledges the concept of "continuing jeopardy" but contends that, in this case, it ceased to apply after the State's dismissal of the first information. Apparently in support of this claim, appellant cites several cases which state the general rule that the State's dismissal of a criminal action after jeopardy attaches may operate as a bar to further prosecution. *See Crist v. Bretz,* 437 U.S. 28, 29–30, 37–38, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *State v. Florio,* 845 S.W.2d 849, 852 (Tex.Crim.App.1992); *Proctor,* 841 S.W.2d at 3–4; *State v. Torres,* 805 S.W.2d

418, 423 (Tex.Crim.App.1991) (Clinton, J., concurring); *McElwee v. State,* 589 S.W.2d 455, 457, 460 (Tex.Crim.App.1979). However, these authorities are not analogous to the case at bar.

▮▮ None of the cases cited by appellant involve the filing of a new information in a "continuing jeopardy" situation, that is, following a conviction that was set aside post-trial. That factual distinction is critical. As the United States Supreme Court explained:

> The reason for holding that jeopardy attaches when the jury is empaneled and sworn lies in the need to protect the interest of an accused in retaining a chosen jury. That interest was described ... as a defendant's "valued right to have his trial completed by a particular tribunal." It is an interest with roots deep in the historic development of trial by jury in the Anglo–American system of criminal justice. Throughout that history there ran a strong tradition that once banded together a jury should not be discharged until it had completed its solemn task of announcing a verdict.
>
> Regardless of its historic origin, however, the defendant's "valued right to have his trial completed by a particular tribunal" is now within the protection of the constitutional guarantee against double jeopardy, since it is that "right" that lies at the foundation of the federal rule that jeopardy attaches when the jury is empaneled and sworn.

*Crist,* 437 U.S. at 35–36, 98 S.Ct. 2156 (citations and footnotes omitted). Thus, after a jury has been empaneled and sworn, the accused is entitled to proceed to trial before that particular tribunal and,

*also United States v. Kelava,* 610 F.2d 479, 484 (7th Cir.1979) ("The fact that the defendants were able to upset their convictions in

the trial court, rather than on appeal, cannot make a difference in the result.").

accordingly, the State may not thereafter dismiss the charge and then re-try the defendant before a different jury. *See id.; Proctor,* 841 S.W.2d at 3–4.

■ By contrast, the "continuing jeopardy" theory is premised upon the fact that, when a new trial is granted *after* conviction, the accused has not been denied the right to have the charges against her decided by the first tribunal. *See Ex parte Davis,* 957 S.W.2d 9, 11 (Tex.Crim. App.1997). In this case, as in the "continuing jeopardy" situation, the State's dismissal of the first indictment—after a new trial was granted and *before* a second jury was empaneled—did not deprive appellant of any of her rights under the Double Jeopardy Clause.

Not surprisingly, then, other courts that have considered this legal issue have uniformly held that, when a conviction is later set aside for reasons other than insufficiency of the evidence, the Double Jeopardy Clause does not bar a retrial on a *superseding* indictment. *See United States v. Howe,* 538 F.3d 820, 827 (8th Cir.2008), *cert granted,* — U.S. —, 129 S.Ct. 2861, 174 L.Ed.2d 572 (2009); *United States v. Holland,* 956 F.2d 990, 993–94 (10th Cir.1992); *see also United States v. Davis,* 873 F.2d 900, 907 (6th Cir.1989) (permitting re-trial on new indictment).

For example, in *Howe,* after the jury was unable to reach a verdict as to the defendant's guilt on two of the charged offenses, the trial court declared a mistrial as to those counts. *See Howe,* 538 F.3d at 823–24. The government dismissed the original indictment and returned a new indictment charging Howe with the two remaining offenses. *See id.* at 824. Howe moved to dismiss the new indictment on double-jeopardy grounds. *See id.* The Eighth Circuit Court of Appeals rejected Howe's double-jeopardy claims and held

that the filing of a subsequent indictment was not a jeopardy-terminating event:

> We realize, of course, that the government *is* now proceeding under a new indictment. . . . But that procedural wrinkle does not affect the outcome of this case because the government did not seek dismissal of the original indictment so it could *separately indict* Howe for the lesser included offense of kidnapping after he was acquitted of felony murder. Rather, Howe was *originally* indicted in *Howe I* for both felony murder and kidnapping and the two charges were encompassed within a single prosecution. . . . *[W]e do not believe that the dismissal of* **Howe I** *without prejudice after the mistrial and the subsequent return of* **Howe II**, *which essentially restated the hung counts and added counts of witness tampering and pretrial escape, terminated that continuing jeopardy. Accordingly, we conclude that Howe remains in continuing jeopardy for the offense of kidnapping and the government may retry him for that offense[.]*

*Id.* at 827 (last emphasis added) (citation omitted).

The Tenth Circuit Court of Appeals reached the same conclusion in *Holland,* in which the government filed a superseding indictment after the jury's inability to reach a verdict resulted in a mistrial. *See Holland,* 956 F.2d at 992. The prosecution's new indictment "essentially mirrored" the charges on which the defendants had already been tried. *See id.* The defendants challenged the new indictment on double-jeopardy grounds. *See id.* The Tenth Circuit rejected the defendant's argument:

> [T]he government could properly reindict and retry defendants on the same charges without offending principles of double jeopardy because the required

event, such as an acquittal, did not occur to terminate the original jeopardy on the counts remaining for retrial. Reindictment, in the circumstances of this case, is equivalent to retrial under the original indictment.

*Id.* at 993.

In this case, a new trial was granted for reasons other than sufficiency of the evidence. Therefore, appellant was under "continuing jeopardy" and could be retried for the same offense. *See Mitchell,* 977 S.W.2d at 579. Thereafter, the State's dismissal of the first information in favor of a new information, which charged appellant with the same theft, was not a jeopardy-terminating event. *See Howe,* 538 F.3d at 827; *Holland,* 956 F.2d at 993–94.

Accordingly, we overrule appellant's first issue.

### B. Prosecutorial Misconduct

■ As with appellant's first issue, her third issue also deals with a defendant's constitutional right to have her trial completed by the first jury that is empaneled to try her, and we address that argument next. In her third issue, appellant contends that the State cannot re-try her because of its own intentional misconduct during trial. Specifically, she argues that the State intentionally and flagrantly violated the trial court's evidentiary order excluding any references to other items that appellant was claimed to have stolen. Appellant claims, citing *Oregon v. Kennedy,*[4] that this intentional misconduct by the prosecutor "goaded" her into requesting a mistrial and new trial, and that the Double Jeopardy Clause therefore forbids a retrial. In response, the State insists that the

prosecutor was zealously acting with the intent to obtain a conviction, not to provoke a mistrial.[5] We resolve this issue against appellant, but not for the reason argued by the State.

■ In 1982, the United States Supreme Court held that, under some circumstances, the Double Jeopardy Clause may bar a retrial even in cases in which the defendant moves for a mistrial. *See Oregon v. Kennedy,* 456 U.S. 667, 676, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Generally, jeopardy principles do not bar the subsequent prosecution of a defendant who successfully moves for mistrial, even when the defendant's motion was necessitated by prosecutorial error. *See id.* at 670, 102 S.Ct. 2083. However, in *Kennedy,* the Court recognized a "narrow exception" to the general rule in cases in which a mistrial was granted due to prosecutorial misconduct that was intended to "goad" the defendant into requesting the mistrial. *See id.* at 673, 676, 102 S.Ct. 2083.

The premise for the rule announced in *Kennedy* can again be traced to a criminal defendant's "valued right," under the Fifth Amendment, to have her trial completed by a particular tribunal. *See id.* at 671–72, 102 S.Ct. 2083. That constitutional right is violated if the prosecutor engages in misconduct that was designed to provoke the defendant into requesting a mistrial. *See id.* at 673, 102 S.Ct. 2083. Such a situation presents the defendant with the Hobson's choice of either (1) accepting a necessarily prejudiced jury, or (2) moving for a mistrial, thereby deliberately foregoing her right to have trial completed by that tribunal. *See id.* at 670, 676, 102 S.Ct. 2083. If a mistrial is granted under those

---

4. 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

5. The trial judge reached a similar conclusion during the habeas corpus hearing: "There

was nothing about the case that would suggest that the [S]tate was intentionally attempting to mistrial."

circumstances, the Double Jeopardy clause forbids a retrial:

> Since one of the principal threads making up the protection embodied in the Double Jeopardy Clause is the right of the defendant to have his trial completed before the first jury empaneled to try him, it may be wondered as a matter of original inquiry why the defendant's election to terminate the first trial by his motion should not be deemed a renunciation of that right for all purposes. We have recognized, however, that there would be great difficulty in applying such a rule where the prosecutor's actions giving rise to the motion for mistrial were done "in order to goad the [defendant] into requesting a mistrial." In such a case, the defendant's valued right to complete his trial before the first jury would be a hollow shell if the inevitable motion for mistrial were held to prevent a later invocation of the bar of double jeopardy in all circumstances.

*Kennedy,* 456 U.S. at 673, 102 S.Ct. 2083 (citing *United States v. Dinitz,* 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976)).

However, the case at bar does not present the scenario that was contemplated in *Kennedy,* because no mistrial was declared in this case. Instead, the first trial proceeded to completion and, after the jury convicted appellant of the charged offense, the trial court granted appellant's motion for new trial. Appellant shrugs off this procedural distinction as inconsequential, arguing that, when a mistrial *could have been* granted because of prosecutorial misconduct, "there is no real distinction between a mistrial and a new trial."[6] We disagree. That argument fails to appreciate that a defendant's constitutional right to proceed before a particular tribunal— the stated concern in *Kennedy*—is implicated by a mistrial, but not by a new trial granted after the trial concludes and the jury renders its verdict:

> [T]he crucial difference between reprosecution after appeal by the defendant and reprosecution after a sua sponte judicial mistrial declaration is that in the first situation the defendant has not been deprived of his option to go to the first jury and, perhaps, end the dispute then and there with an acquittal. On the other hand, where the judge ... aborts the proceeding, the defendant has been deprived of his "valued right to have his trial completed by a particular tribunal."

*United States v. Jorn,* 400 U.S. 470, 484, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (citation omitted); *see also Cooks,* 979 S.W.2d at 56 (explaining rationale for distinguishing between prosecutorial misconduct that produces mistrial, versus misconduct that leads to new trial); *Gonzalez v. State,* 768

---

**6.** Appellant's argument seems to enjoy the support of *Robinson v. Wade,* in which the federal Fifth Circuit Court of Appeals noted the "unjustness of ... preclusive effect simply by the point in the judicial process at which a charge of [prosecutorial] overreaching is found meritorious." 686 F.2d 298, 307 (5th Cir.1982). However, in deciding *Robinson,* the Fifth Circuit did not actually resolve the "particularly thorny question" of whether *Kennedy* extends to misconduct resulting in an appellate reversal instead of a mistrial. *See id.* at 309; *see also Buffington v. Copeland,* 687 F.Supp. 1089, 1092–93, 1103 (W.D.Tex.1988) (declining to follow, as dicta, *Robinson*'s discussion of dichotomy between mistrials and appellate reversals). More pertinent to our analysis, however, is the fact that the Texas Court of Criminal Appeals has expressly declined to apply *Kennedy* to cases in which the complained-of misconduct did not result in a mistrial. *See Mitchell,* 977 S.W.2d at 579 (implicitly declining to follow *Robinson*); *Ex parte Graves,* 271 S.W.3d 801, 806 & n. 3 (Tex. App.-Waco 2008, pet. struck) (noting that United States Supreme Court and Texas Court of Criminal Appeals have held contrary to argument proposed in *Robinson*).

S.W.2d 471, 473 (Tex.App.-El Paso 1989, pet. ref'd).

For that reason, Texas courts have consistently held that, when a trial proceeds to conclusion despite a legitimate claim of seriously prejudicial error—including prosecutorial misconduct—the Double Jeopardy Clause does not bar retrial if the conviction is later set aside. *See Ex parte Lewis*, 219 S.W.3d 335, 359–60 (Tex.Crim.App.2007); *Mitchell*, 977 S.W.2d at 578 ("[T]his Court has found reversal, and remand to the trial court for further proceedings, to be the proper remedy where the first trial was unconstitutionally tainted by prosecutorial misconduct."); *Ex parte Davis*, 957 S.W.2d at 14–15; *Ex parte Graves*, 271 S.W.3d 801, 805 (Tex.App.-Waco 2008, pet. struck) ("*Kennedy* and its progeny bear only on defense-requested mistrials, and not on postconviction reversals[.]"); *Gonzalez*, 768 S.W.2d at 472, 473 (noting that, in light of other remedies available to aggrieved defendants, "to bar a subsequent trial where there are other available mechanisms to constrain overzealous prosecutors from violating the rights of defendants is too drastic").

Because the prosecutor's alleged misconduct did not result in a mistrial in this case, the Double Jeopardy Clause does not bar a retrial. *See Ex parte Davis*, 957 S.W.2d at 15. Therefore, we overrule appellant's third issue.

### C. Prosecutorial Vindictiveness

Finally, in her second issue, appellant contends that the State violated her due process rights by filing a second information that increased the charges against her after she successfully urged a motion for new trial following a conviction on the first information. However, because the State offered an explanation for the charging increase that is unrelated to appellant's exercise of her right to request a new trial, we cannot conclude that the trial court clearly erred by denying the requested relief.

 Generally, prosecutors have broad discretion to decide what charges to file against a criminal defendant. *Neal v. State*, 150 S.W.3d 169, 173 (Tex.Crim.App. 2004). That discretion is not without limits, however. For example, a prosecutor may not increase the charges against a defendant simply as a punishment for invoking a right, such as pursuing an appeal. *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir.2008). "To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.' " *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (citation omitted). One who has been convicted of an offense must be entitled to pursue his appellate rights without fear that the government will retaliate by substituting a more serious charge for the initial one. *Blackledge v. Perry*, 417 U.S. 21, 28, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

 The defendant bears the burden of proving, by a preponderance of the evidence, a claim of prosecutorial vindictiveness. *Saltzman*, 537 F.3d at 359. This may be accomplished in either of two ways. *Neal*, 150 S.W.3d at 173. First, the defendant may prove "actual vindictiveness," that is, introduce direct evidence that the prosecutor increased the charges to unjustifiably punish the defendant for exercising a protected legal right. *Id.* Second, the defendant may provide proof of circumstances that pose a "realistic likelihood" of misconduct sufficient to raise a presumption of prosecutor vindictiveness. *Id.*

 This case effectively presents the classic fact pattern giving rise to a presumption of vindictiveness. *See Neal v. State*, 117 S.W.3d 301, 308 (Tex.App.-Tex-

arkana 2003), *rev'd on other grounds,* 150 S.W.3d 169 (Tex.Crim.App.2004) ("[M]ost prosecutorial vindictiveness cases . . . usually involve an appeal from an original charge and then a filing of a more serious one."). Immediately after the trial court granted appellant's request for a new trial following her conviction for Class B misdemeanor theft, the prosecutor announced the State's intent to re-file the case as a Class A misdemeanor. That decision effectively doubled the severity of possible punishments against appellant. *Compare* Tex. Penal Code Ann. § 12.21 (Vernon 2003) (providing for fine of up to $4,000 and/or imprisonment of up to one year for Class A misdemeanors) *with* Tex. Penal Code Ann. § 12.22 (Vernon 2003) (providing maximum punishments of $2,000 fine and/or imprisonment for 180 days for Class B misdemeanors). Therefore, appellant established a presumption of vindictiveness in this case. *See Blackledge,* 417 U.S. at 28–29, 94 S.Ct. 2098 (applying presumption when government pursued increased charges after defendant was convicted and successfully obtained new trial).

When, as here, the presumption applies, the burden shifts to the prosecution to come forward with an explanation for the charging increase, supported by objective evidence in the record, that is unrelated to the defendant's exercise of her right to challenge the conviction. *See Neal,* 150 S.W.3d at 173–74. The trial court decides the issue based upon all of the evidence, pro and con, and upon the credibility of the prosecutor's explanation. *Hood v. State,* 185 S.W.3d 445, 448 (Tex. Crim.App.2006); *Neal,* 150 S.W.3d at 174. In this case, by denying habeas corpus relief to appellant, the trial court impliedly overruled appellant's prosecutorial-vindictiveness claim. On appeal, we review that implicit factual finding for clear error, but we review the court's application of guiding legal principles *de novo. See Neal,* 150 S.W.3d at 174 n. 15.

In this case, when appellant moved to quash the second information, the prosecutor explained that the decision to increase the charge against appellant was motivated by a desire to include all of the evidence that was available before trial began: "What we simply did was put the evidence we had prior to trial and use that to re-file the case as a class A misdemeanor." Based on the evidence in the record, we cannot conclude that the trial court clearly erred by accepting this explanation as credible.

In the first information, appellant was accused of stealing two specific items: one DVD and one video game. The State alleged that the collective value of these two items was between fifty dollars and five hundred dollars, which would translate to a charge of Class B misdemeanor theft. *See* Tex. Penal Code Ann. § 31.03(e)(2). At trial, appellant's defensive theory was that she was distracted by her children and was not aware that those two items had been concealed within a toolbox that she had purchased. In light of this defense, the State attempted to introduce evidence to prove that, in addition to the two items included in the information, appellant also stole many other items. This additional evidence, the State contends, would have negated appellant's defense that her failure to pay for these items was somehow inadvertent. Nevertheless, the trial court limited the State to mentioning only those items that were specifically identified in the charging instrument. The record indicates, however, that the State prepared its case with an expectation of introducing evidence of all of the merchandise that was allegedly stolen. Further, much of the State's evidence was premised upon that expectation. For example, a Wal–Mart loss-prevention officer had prepared a receipt reflecting all of the allegedly stolen items, but the trial court did not allow the State to introduce the receipt into evidence.

When the trial court granted appellant's motion for new trial, then, the State might have expected that its evidence in the second trial would again be limited to the items listed in the charging instrument. To address this evidentiary concern and appellant's anticipated defense of inadvertence, the State filed a second information that accused appellant of the theft of at least thirty-six items. Apparently, the addition of thirty-four items to the charging instrument was sufficient to thrust the value of the allegedly stolen merchandise to an amount in excess of five hundred dollars, thus resulting in an increased charge for Class A misdemeanor theft.[7] *See* Tex. Penal Code Ann. § 31.03(e)(3) (Vernon Supp. 2008).

In light of the evidence in the record, the trial court therefore was entitled to believe the prosecutor's explanation that the increased charges against appellant were not intended to punish her for securing a new trial but, rather, to address a perceived evidentiary problem in the upcoming second trial. Based on the record presented, we cannot conclude that the trial court clearly erred by finding that the State did not engage in prosecutorial vindictiveness. *See Neal*, 150 S.W.3d at 174 n. 15.

Therefore, we overrule appellant's second issue.

## CONCLUSION

Finding no merit in appellant's issues, we affirm the trial court's denial of habeas corpus relief.

---

7. For reasons not apparent in the record, the State later filed a third information accusing appellant of the Class B misdemeanor theft of only eleven items: eight DVD's and three video games. Based on our resolution of this issue, we express no opinion on the State's suggestion on appeal that the filing of this *third* information somehow moots or otherwise cures a complaint of prosecutorial vindictiveness as to the *second* information.