**Affirmed and Memorandum Opinion filed March 12, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00362-CR

## EX PARTE JORGE TORRES-MARTINEZ

**On Appeal from the County Court at Law
Washington County, Texas
Trial Court Cause No. 2011-204**

## M E M O R A N D U M   O P I N I O N

In a single issue, appellant, Jorge Torres-Martinez, contends the trial court erred by denying his pre-trial application for writ of habeas corpus. We affirm.

### I.  BACKGROUND

On or around November 12, 2011, appellant was arrested in Washington County for multiple offenses, including two traffic-related misdemeanors. County officials notified United States Immigration and Customs Enforcement ("ICE") about appellant's arrest. Appellant's misdemeanors were filed in a justice of the

peace court in Washington County ("the JP court"). On November 21, 2011, appellant was released on bonds, and the bonds were filed with the JP court a week later. ICE took appellant into custody, retaining him in the Washington County jail.

Appellant was required pursuant to his bonds to contact the JP court within ten days to schedule a preliminary hearing. It appears appellant failed to contact the JP court, and the court issued "Criminal Summons." The JP court, unaware appellant was in ICE custody, sent the summons to appellant's home address as listed on the bonds.

In the summons, the court notified appellant that a "BOND SHOW CAUSE HEARING" was set for December 15, 2011 and warned that "FAILURE TO APPEAR BEFORE THIS COURT WILL RESULT IN A WARRANT BEING ISSUED FOR YOUR ARREST." According to the clerk of the JP court, the purpose of the December 15 hearing was for appellant to make an appearance and enter a plea. When asked why the summons ominously referred to the hearing as "BOND SHOW CAUSE HEARING" instead of "pretrial hearing" or "status hearing," the clerk explained, "I don't know. That's just how we've been trained in the justice court system."

On December 12, 2011, the JP court received a letter of representation from appellant's attorney, indicating that appellant desired to plead not guilty, waive arraignment, and request a jury trial. On December 15, 2011, the JP court received an affidavit in which appellant's bondsman averred he intended to surrender appellant because he was in ICE custody. Because of this affidavit, the JP court issued warrants for appellant's arrest; however, the JP court has no record that the warrants were ever served on appellant.

2

On December 15, 2011, appellant did not attend his scheduled hearing but filed a pre-trial application for writ of habeas corpus with the County Court at Law for Washington County ("the trial court"), arguing that he should be released from the allegedly illegal summons. On March 1, 2012, a hearing was held on appellant's application. At that time, appellant was free on bond in the ICE case, he had not been served with the JP court's arrest warrants, and no hearings were pending in the JP court. The trial court denied appellant's application.

## II. APPLICATION FOR WRIT OF HABEAS CORPUS

In his sole issue, appellant contends the trial court erred by denying his application for writ of habeas corpus.

### A. Standard of Review

An applicant for writ of habeas corpus bears the burden of proving his allegations by a preponderance of the evidence. *Ex parte Legrand*, 291 S.W.3d 31, 35 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). We review a trial court's denial of pre-trial habeas corpus relief for abuse of discretion and consider the facts in the light most favorable to the trial court's ruling. *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

### B. Analysis

Appellant argues the trial court should have granted his application for writ of habeas corpus because the JP court issued a vague and unauthorized summons and exceeded its contempt authority. According to appellant, he was deprived of any real notice regarding the substance of the December 15 hearing because the summons referred to the hearing as "BOND SHOW CAUSE HEARING" even though it is undisputed appellant had properly obtained bond at the time the

3

summons was issued. Furthermore, appellant contends the summons caused his bondsman to surrender appellant, resulting in the issuance of his arrest warrants.

We hold that the trial court did not abuse its discretion by denying appellant's application. Although reference in the summons to a "BOND SHOW CAUSE HEARING" may be confusing, the JP court did not issue an arrest warrant because appellant failed to appear at the hearing or otherwise hold him in contempt. Instead, the JP court issued the warrants because the bondsman notified the court of his intent to surrender appellant who was in ICE custody. When a bondsman notifies a court of his intention to surrender a defendant, it is proper for the court to issue a warrant for the arrest of the defendant. *See* Tex. Code Crim. Proc. art. 17.19(b) (West Supp. 2012).

We overrule appellant's sole issue and affirm the trial court's denial of appellant's pre-trial application for writ of habeas corpus.


/s/     Margaret Garner Mirabal
        Senior Justice


Panel consists of Justices Boyce, McCally, and Mirabal.[1]
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Senior Justice Margaret Garner Mirabal sitting by assignment.

4