FILED
United States Court of Appeals
Tenth Circuit

September 14, 2017

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUSTIN JACKSON,

    Defendant - Appellant.

No. 17-5020
(D.C. Nos. 4:14-CV-00609-JHP-PJC and
4:13-CR-00068-JHP-6)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

The United States District Court for the Northern District of Oklahoma denied the motion for relief under 28 U.S.C. § 2255 filed by Defendant Justin Jackson. Defendant now seeks from this court a certificate of appealability (COA) so that he can appeal the denial. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring certificate of appealability to appeal from "the final order in a proceeding under section 2255"). We deny the request for a COA and dismiss the appeal.

In 2013, Defendant pleaded guilty to one count of an indictment charging him with conspiring to possess with intent to distribute more than 500 grams of methamphetamine. In the plea agreement he waived the right to raise collateral attacks on his conviction and sentence other than in claims of ineffective assistance of counsel challenging the validity of the plea or the waiver.

Defendant then filed a § 2255 motion raising several challenges to his conviction and sentence. All were rejected by the district court, which also declined to issue a COA. Defendant seeks a COA in this court only with respect to his ineffective-assistance-of-counsel claim, expressly waiving all other grounds.

As we understand his claim, he is asserting that his attorney improperly counseled him to plead guilty to an offense that was not charged in the indictment against him. He points to the indictment's only mention of his conduct in its description of the conspiracy's means and methods—an allegation that he acted as a courier of methamphetamine and drug proceeds between coconspirators Glen Jackson, Jr. and Leonel Mares. He argues that his criminal liability should have been limited to these acts and his plea to a larger conspiracy should therefore be set aside.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

To demonstrate ineffective assistance of counsel, Defendant must demonstrate both that counsel's performance was deficient and that he was prejudiced by counsel's deficiency. *See Smith v. Duckworth*, 824 F.3d 1233, 1249 (10th Cir. 2016). "An insufficient showing on either element is fatal to an ineffective-assistance claim, rendering consideration of the other element unnecessary." *Id.*

Here, there was no deficiency in counsel's representation. Defendant did not plead to an uncharged crime. The charge was conspiring to possess with intent to distribute 500 grams or more of methamphetamine. The indictment's description of certain overt acts does not limit Defendant's offense to those acts. *See United States v. Holland*, 956 F.2d 990, 993 (10th Cir. 1992) ("It is the *agreement*, separate and apart from the overt act itself, which comprises the crime [of conspiracy]."). Defense counsel's alleged error was no error, and it is axiomatic that correctly stating the law is not ineffective assistance of counsel. *See United States v. Elias*, 937 F.2d 1514, 1520 (10th Cir. 1991) ("Because a section 922 offense does not require specific intent, Elias cannot complain his attorney's failure to advise him about [specific intent] constitutes incompetence."). No reasonable jurist would debate that denial of Defendant's ineffective-assistance-of-counsel claim was correct.

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge

3