**Affirmed and Memorandum Opinion filed January 12, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

—————————————

## NO. 14-10-01120-CR

—————————————

## EX PARTE ALVARO LOPEZ TOVILLA

**On Appeal from the 268th Judicial District Court
Fort Bend County, Texas
Trial Court Cause No. 37963-HC1**

## MEMORANDUM OPINION

This appeal follows the trial court's denial of an application for writ of habeas corpus. Alvaro Lopez Tovilla, a native of Mexico, complains that he was denied effective assistance of counsel when counsel failed to advise him that a guilty plea would result in certain deportation. We affirm.

Tovilla became a legal permanent resident of this country in 1990. In 2003, he was charged by indictment with burglary of a building after a witness saw him removing cabinets from a residential construction site. He pleaded guilty to the burglary charge, and punishment was assessed at two years' probation.

In 2010, after he had already completed the terms of his probation, Tovilla left the United States for a brief stay in Mexico. When he attempted reentry into this country, immigration officials detained him, claiming that he was inadmissible as a noncitizen previously convicted of a crime involving moral turpitude. Federal authorities began removal proceedings on account of this inadmissibility, prompting Tovilla to petition the trial court for a writ of habeas corpus. In his petition, he alleged that his guilty plea in the underlying case was neither knowing nor voluntary because counsel had failed to explain its consequences regarding removal.

Before ruling on the petition, the trial court heard testimony from Corinna Steele and Don Hecker, the two attorneys who represented Tovilla in his burglary prosecution. Steele testified that when she first met Tovilla, she informed him that burglary of a building was a state jail felony carrying a maximum punishment of two years' confinement. Steele also stated that she warned Tovilla that because he was a noncitizen, a conviction "would result or could result in deportation."

Hecker testified that he substituted for Steele as counsel of record when Tovilla contemplated rejecting a plea offer of eight months' confinement. Tovilla apparently believed that he had a viable defense. According to Hecker, Tovilla told him that he went to the construction site to meet a third party so that they could both install the cabinets. When the third party never arrived, Tovilla made off with the cabinets, assuming that he had the authority to do so. Hecker testified that he reviewed the state's file and informed Tovilla that there was evidence of a forcible entry into the building where the cabinets were taken.

After considering the strength of the prosecution's case, Hecker negotiated for a plea bargain that would allow Tovilla to avoid jail time altogether. Hecker did not advise Tovilla that he would "absolutely" be deported if he accepted the offer; however, Hecker did give the standard admonishment that pleading guilty would amount to a conviction of a deportable offense. Although Tovilla did not believe that he was guilty, Hecker testified

that Tovilla realized his chances had he gone to trial, and Tovilla understood that "the best scenario was the plea."

Tovilla conceded that he removed the cabinets from the construction site, but he admitted to taking them under the belief that they would have been discarded as trash. Tovilla further testified that neither of his attorneys ever discussed the immigration consequences of accepting a plea offer. According to him, the attorneys never even inquired as to his status as a legal permanent resident. Tovilla testified about his knowledge that immigrants could be deported if they broke the law, but he never indicated that he would have demanded a trial had he been aware of the absolute certainty of removal. When asked what his decision would have been had he been fully informed, Tovilla merely stated that he would have "look[ed] for a good attorney, competent attorney to help me to plead my case."

After hearing all of the evidence, the trial court denied Tovilla's habeas petition and entered findings of fact and conclusions of law. Among the findings, the trial court determined that Tovilla had been admonished of the possibility of his removal. As to whether Tovilla would have rejected his plea offer had he been advised of the certainty of removal, the trial court found the following:

> In light of the overwhelming evidence of Applicant's guilt and the lenity of the State's plea offer, it is highly unlikely that Applicant would not have pled guilty, even if Applicant was specifically advised that his guilty plea would absolutely lead to deportation or other immigration consequences, because by entering into the plea bargain, Applicant was able to avoid a potentially greater jail sentence.

On appeal, Tovilla argues that the trial court erred by denying habeas relief.

We review the trial court's ruling on an application for writ of habeas corpus for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). Under this standard,

3

we afford almost total deference to the trial court's findings of fact, particularly when those findings are based upon an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We apply the same deference to the trial court's application of law to questions of fact if resolution of those issues requires an evaluation of credibility and demeanor. *Ex parte Legrand*, 291 S.W.3d 31, 35–36 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). If resolution of the ultimate issue turns solely on a question of law, our review is de novo. *Id.*

Tovilla sought habeas relief on the theory that he was denied effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). To be entitled to relief, he was required to prove by a preponderance of the evidence that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 694. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697.

In *Padilla*, the Supreme Court held that counsel's representation is constitutionally deficient if counsel fails to warn a noncitizen client of the certainty of removal when the terms of the relevant immigration statute are "succinct, clear, and explicit" in defining the removal consequences of a particular conviction. *Padilla*, 130 S. Ct. at 1483. "When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* Following the *Strickland* framework for ineffective assistance claims, the *Padilla* Court further observed that before relief may be granted, the petitioner must also convince the court that a decision to reject the plea bargain would have been rational under the circumstances. *Id.* at 1485; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

4

Tovilla's conviction became final several years before the Supreme Court's opinion in *Padilla*, but in deciding whether counsel was ineffective on this record, we need not determine whether *Padilla* applies retroactively.[1] Under any test for ineffective assistance of counsel, Tovilla's claim must fail because Tovilla has not demonstrated that he was prejudiced by counsel's errors, if any.

In this case, the trial court determined that it was "highly unlikely" that Tovilla would have insisted on a trial even if he knew that accepting a guilty plea would ensure his removal. We must defer to this finding, which is supported by Hecker's testimony that Tovilla realized his "best scenario" was to take the plea bargain. *See Amezquita*, 223 S.W.3d at 367 ("When the trial court's findings of fact in a habeas corpus proceeding are supported by the record, they should be accepted by this Court."). As the sole judge of credibility, the trial court was free to accept this testimony over Tovilla's claim that he would have sought other counsel to help him plead his case.

Because Tovilla did not carry his burden of showing that he suffered any prejudice, the trial court did not abuse its discretion by rejecting his claim for ineffective assistance of counsel. The trial court's decision denying the application for writ of habeas corpus is therefore affirmed.

/s/    Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Christopher and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Two courts of appeals have expressly held that *Padilla* applies retroactively. *See Ex parte De Los Reyes*, 350 S.W.3d 723, 729 (Tex. App.—El Paso 2011, pet. filed); *Ex parte Tanklevskaya*, No. 01-10-00627-CR, 2011 WL 2132722, at *4–7, (Tex. App.—Houston [1st Dist.] May 26, 2011, pet. filed). The Texas Court of Criminal Appeals is presently considering whether *Padilla* is retroactive on collateral review. *See Ex parte Moussazadeh*, No. AP-76439, 2010 WL 4345740, at *1 (Tex. Crim. App. Nov. 3, 2010) (per curiam order).