Opinion issued February 2, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00954-CR

———————————

Thadis Garland Paul, III, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 180th District Court

Harris County, Texas



Trial Court Case No. 1304865

 



 

MEMORANDUM OPINION

          Thadis Garland Paul, III, has been charged with murder. The
State seeks to try him a second time after a mistrial was declared in the first
proceeding. Paul contends that, because the State intentionally provoked the
mistrial by failing to disclose exculpatory evidence, a retrial violates the
double jeopardy clauses of the federal and state constitutions and a writ of
habeas corpus should issue. In this appeal, he challenges the trial court’s
denial of his request for habeas relief. See
Tex. R. App. P. 31. Because we
hold that a second prosecution is not jeopardy-barred, we affirm.  

Background

          Paul
was brought to trial on an indictment alleging that he shot and killed a man
outside of a Houston-area apartment. The State rested after five days of
testimony. Paul then elected to testify and claimed for the first time that he
shot the complainant in self defense; previously, he claimed not to have been
at the crime scene on the night the complainant died. The State attempted to
impeach Paul with prior statements in which he denied any involvement in the
complainant’s death, including a telephone conversation he had with Monique Johnwell, a witness for the State, which the police
recorded and transcribed. In that conversation, Paul told Johnwell
that he was not at the apartment complex when the murder occurred. Paul’s
attorneys objected that they had not been provided a copy of the recording or
transcript and that the evidence was exculpatory. The trial court declared a
mistrial on Paul’s request, and Paul filed a pretrial application for a writ of
habeas corpus based on double jeopardy. 

Paul’s habeas application urges that
the murder charges cannot be prosecuted further because the mistrial “was
provoked primarily by the State’s intentional failure to disclose exculpatory
evidence.” The State opposed the application and provided the trial court with
the affidavits of three prosecutors who worked on the case: Jessica Estrada, Jamie
Burns, and Tiffany Johnson. Estrada, the lead trial prosecutor, explained that
she did not know the defense was unaware of the recording. She was unable to
find written documentation that notice and a copy of the recording had been
provided to the defense in her file, but two of the prosecutors who previously
worked on the file, Tiffany Johnson and Lisa Collins, informed Estrada that
they believed the defense was provided copies of all of Paul’s recorded
statements. Estrada stated that she did not “intentionally fail to disclose the
recorded conversation between [Paul] and Monique Johnwell
to provoke or goad [Paul] into moving for a mistrial to avoid an acquittal.”   

Estrada also testified to Paul’s allegation
of intentional misconduct at the evidentiary hearing on his habeas application.
She testified that she inherited Paul’s case from another prosecutor after the
file was readied for trial. She explained that a transcript of the recording
had been maintained in the State’s “open file.” According to Estrada, when a
file is “open,” its non-privileged contents are available to defense counsel
for inspection. Estrada testified that she did not place transcript in any
separate file for privileged materials, so it remained in the “open file” for review
by Paul’s attorneys. Because the State’s records indicated that Paul’s
attorneys had viewed the file, Estrada believed Paul’s attorneys had been
provided everything to which they were entitled in discovery. She acknowledged,
however, that a failure to produce the recording or transcript would violate
the trial court’s discovery order requiring the State to disclose all
recordings made by Paul.   

Estrada also testified that she believed
Paul’s defense was mistaken identity, not self-defense. Accordingly, she did
not present the transcript of the recording during the State’s case-in-chief
because it was cumulative of other statements in which Paul denied having been
present at the crime scene, including his own statements to police and in jail
correspondence. The conversation between Paul and Johnwell
only became relevant as impeachment evidence when Paul admitted to being present
and shooting the complainant. Estrada was confident that the State presented
sufficient evidence during its case-in-chief to secure a conviction, and she
did not want a mistrial. Her confidence in the State’s case was affirmed in
conversations with jurors, who indicated to Estrada after the mistrial that
they had planned to convict.

Jamie
Burns, another prosecutor whom Estrada asked to assist her at trial, and
Johnson, the prosecutor from whom Estrada inherited the file, confirmed by
affidavit Estrada’s testimony about the State’s open file. Burns stated that,
although he was not the primary prosecutor and had never met with Paul’s
attorneys regarding discovery in this case, he was aware that the district
attorney’s office “always had an open file policy and [he] had no reason to
believe this case was handled any differently. There was nothing to suggest
that this phone call had not been seen or heard by the defense attorneys or
that it was being kept from them in any way.” Burns denied having intentionally
kept the recording from the defense. Johnson recalled creating a folder for all
items relevant to Johnwell’s testimony and placing
the CD and transcript of the conversation between Paul and Johnwell
in the folder. The Johnwell folder was placed in the
State’s open file. Johnson likewise denied having intentionally failed to
disclose the recording. She further explained that “the recorded conversation
between [Paul] and Monique Johnwell did not contain
any unknown exculpatory material and based on [Paul’s] assertions throughout
the investigation and his attorneys’ throughout the prosecution that he wasn’t
there when the Complainant was shot and killed, therefore, [she] didn’t believe
this piece of evidence to be an important disclosure.”   

Both of Paul’s trial attorneys
testified in support of the habeas application. Lance Hamm testified that he reviewed
the State’s file. The file contained other evidence in which Paul claimed not
to have been at the crime scene, including “jail mail,” the offense report, and
other recorded conversations between Paul and investigating officers. But the
recorded conversation between Paul and Johnwell was
never provided to the defense. Certain facts led Hamm to believe that the
State’s failure to disclose the recording was intentional, including that the
officer who directed Johnwell in making the recording
was not listed on the offense report. Also, when asked during cross-examination
whether he had recorded any conversations between Paul and Johnwell,
the State’s lead investigator answered that he had not done so; neither the
investigator nor the State, however, clarified that other investigating
officers had made such a recording. 

Given the potential defense of
mistaken identity, Hamm believed Paul’s recorded denial of involvement in the
complainant’s death was exculpatory. Hamm testified that, if he had known a
recording of the conversation between Paul and Johnwell
existed, he might not have permitted Paul’s testimony. Hamm suggested that Estrada
used the recording to provoke a mistrial because she could not rebut Paul’s self-defense
theory. According to Hamm, most of the jurors he talked to following the
mistrial indicated they would have acquitted Paul.  

Wilvin Carter,
Paul’s second attorney, testified that he reviewed the State’s file on five or
six occasions, but never came across any recording or transcript of the
conversation between Paul and Johnwell. Although he
acknowledged that Paul’s testimony about acting in self-defense could be
impeached with other evidence, Carter testified that, until he learned of the
recording, he believed the defense’s case was airtight. Estrada’s last minute
disclosure of the recording “changed the whole dynamic . . . of the case.” After
considering this and all of the other testimony and evidence presented at the
hearing, the trial court denied Paul’s request for habeas relief.

Standard of Review

          The decision to grant or
deny an application for writ of habeas corpus rests within the trial court’s
discretion; we review the trial court’s decision for an abuse of that
discretion. Ex parte
Wheeler, 203 S.W.3d 317, 323 (Tex. Crim. App. 2006); Washington v. State, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st
Dist. 2010, no pet.). We view the facts in the light most favorable to
the trial court’s ruling and defer to the trial court’s implied factual findings
that are supported by the record. Wheeler, 203 S.W.3d at 325-26; Washington, 326 S.W.3d at 704.  

Double Jeopardy

          Paul argues
that, to avoid an acquittal, the State intentionally goaded him into requesting
a mistrial by failing to disclose the recording of his conversation with Johnwell, and that a second trial is jeopardy-barred by the
federal and state constitutions. See U.S. Const. amend. V (providing “nor
shall any person be subject for the same offence to be twice put in jeopardy of
life or limb”); Tex. Const.
art. I, § 14 (“No
person, for the same offense, shall be put twice in jeopardy of life or
liberty.”). The double-jeopardy provisions guarantee that a criminal defendant will
not be subject to repeated attempts at prosecution for the same offense. See Oregon v. Kennedy, 456 U.S. 667,
671, 102 S. Ct. 2083, 2087 (1982); Wheeler,
203 S.W.3d at 322; Ex parte Legrand, 291 S.W.3d 31, 36 (Tex. App.—Houston [14th
Dist.] 2009, pet. ref’d). A second trial ordinarily is not jeopardy-barred when a trial
court grants a defendant’s motion for mistrial. See Kennedy, 456 U.S. at 676, 102 S. Ct. at 2089; see also Bauder v.
State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996). But there is a narrow
exception to this rule: a defendant may raise the bar of double jeopardy when
the prosecutor’s conduct giving rise to his motion was intended to “goad” the
defendant into moving for a mistrial or to avoid the possibility of an
acquittal. See Kennedy, 456 U.S. at
676, 102 S. Ct. at 2089; Ex parte Lewis,
219 S.W.3d 335, 371 (Tex. Crim. App. 2007) (adopting Kennedy as matter of state constitutional law); see also Ex parte Masonheimer,
220 S.W.3d 494, 507 (Tex. Crim. App. 2007). 


The evidence, when viewed in the
light most favorable to the trial court’s ruling, supports the denial of habeas
relief. At the time Paul requested a mistrial, the
State had presented the testimony of fifteen witnesses and rested its
case-in-chief. The lead prosecutor believed the State’s case was strong enough
to secure a conviction; she did not want a mistrial. Whether the State
intentionally failed to disclose the recording of Paul’s conversation with Johnwell was disputed. Each of the prosecutors who worked
on the case file expressly denied having intentionally withheld the recording
from the defense. Estrada and Johnson, the two prosecutors with the most
familiarity with the file, testified that the recording and transcript of the conversation
was in a file made available to the defense for review. Paul’s defense
attorneys, however, denied that fact. They testified that they were never
provided a copy of the recording or transcript and that such failure was
intentional on the part of the State because the State had no way to rebut
Paul’s declaration that he shot the complainant in self-defense. Accordingly, the
trial court’s denial of Paul’s habeas application—particularly as that ruling reflects a finding that the prosecutors did
not intentionally fail to disclose the recording or goad Paul into requesting a
mistrial—was based on an evaluation of the credibility and demeanor of the
witnesses, and we must defer to the trial court’s ruling. See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). On this record, a retrial is not jeopardy-barred under either
the federal or state constitution. See Kennedy, 456 U.S. at 676, 102 S. Ct. at 2089. 




 

Conclusion

          Because the
record supports the denial of Paul’s pretrial application for a writ of habeas
corpus, we affirm the trial court’s judgment.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish.  Tex. R. App. P. 47.2(b).