02-12-098-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00098-CR

 

 


 
 
 Ex Parte Ahamad Sattar Meman
 
 
  
 
 
  
 
 


 

 

----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          This
appeal follows the trial courts’ denial of an application for writ of habeas
corpus.[2]  Ahamad Sattar Meman, a
native of India, complains that he was denied effective assistance of counsel
when counsel failed to advise him that a guilty plea would result in definite negative
consequences to his immigration status.  We will affirm.

Meman
moved to the United States in October 2002.  He currently resides in this
country pursuant to an “L-2 Visa.”  On August 28, 2009, the State charged
Meman with the state-jail felony offense of theft of property by check in the
amount of $1500 or more but less than $20,000.[3]  He pleaded guilty to the
theft charge on January 29, 2010, and the trial court accepted Meman’s
plea but deferred adjudicating guilt and placed him on community supervision,
imposed a $500 fine, and ordered Meman to pay restitution.

According
to Meman’s sworn affidavit attached to his application for writ, in late 2010,
he and his wife contacted an immigration attorney to explore the possibility of
filing for “green cards” for themselves and their two children.  By Meman’s
account, the immigration attorney informed him that immigration law treats
deferred adjudication the same as a conviction and that because of his pleading
guilty to the state-jail felony, it would be impossible for him to get a green
card, that his current Visa could be either revoked or denied renewal, and that
he would not ever be allowed to become a naturalized United States citizen.[4] 
Meman also alleges that when he first met with his attorney—Patrick R.
McCarty—he informed McCarty of his immigration status and that he wanted this
case resolved in such a way that it would not have a negative impact on his
immigration status, his ability to obtain a green card, or his ability to
become a naturalized citizen.  He also alleges that McCarty failed to inform
him of the negative consequences of his plea relating to his immigration
status.  According to Meman, he was “uncomfortable with th[e] plea agreement”
and he would not have entered a plea of guilty had McCarty informed him that
his plea would result in his deportation or otherwise have negative immigration
consequences.

In
its response, the State filed an affidavit by McCarty.  McCarty’s version of
the events stands in stark contrast to Meman’s.  By McCarty’s account, he informed
Meman multiple times of Meman’s need to consult with an immigration attorney
prior to accepting his plea; that, despite numerous requests, Meman had failed
to provide McCarty with his immigration papers; that Meman had squandered
multiple offers and time extensions by the State to simply pay restitution and
have the charges dropped; and that on the day the case was set for trial, and
prior to Meman entering his plea, McCarty had discussed the plea with Meman for
more than three hours.

McCarty
avers that he carefully explained to Meman that by entering a plea of guilty,
the charge “would likely result in deportation, exclusion from admission or
denial of naturalization.”  McCarty also read to Meman the relevant immigration
“sections of the plea petition, circled it, instructed him to read it, and
initial it.  He did so.”  Furthermore, McCarty stated that when he “turned in”
the plea petition, he mentioned to the trial court that Meman had “immigration
issues,” to which the trial court responded by carefully reviewing the
immigration section warning with Meman.  McCarty avers that Meman acknowledged
that he understood the judge’s specific, immigration-warning admonishment, and
that “he did not want a trial.”

After
reviewing the evidence presented by both Meman and the State, the trial court
denied Meman's habeas petition and entered findings of fact and conclusions of
law.  Among the findings, the trial court determined that McCarty had “[gone]
over the plea admonishments” with Meman; that McCarty had explained to Meman
“ad nauseum” that his immigration status was in jeopardy if he pleaded
guilty; that Meman’s claim that he would have contacted an immigration attorney
had he known of the consequences was inconsistent with the fact that McCarty
had given him ample opportunity to do so; and that Meman did “not allege that
he would not have been convicted or that he had a viable defense.”  As to
whether Meman would have rejected his plea offer had he been advised of the
possible negative consequences on his immigration status, the trial court found
the following:

Because [Meman] was
aware that his plea may have immigration consequences and chose not to contact
an immigration attorney or provide [McCarty] with his immigration papers when
requested, [Meman] has failed to prove that there is a reasonable probability
that he would not have pleaded guilty had counsel advised him differently.

The
trial court also specifically concluded that Meman had failed to prove that he
received ineffective assistance of counsel, or that his plea was involuntary
due to ineffective assistance of counsel.

On
appeal, Meman argues that the trial court erred by denying habeas relief.

We
review the trial court’s ruling on an application for writ of habeas corpus for
an abuse of discretion.  Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim.
App.), cert. denied, 549 U.S. 1052 (2006); Ex parte Peterson,
117 S.W.3d 804, 819 (Tex. Crim. App. 2003), overruled on other grounds by Ex parte
Lewis, 219 S.W.3d 335 (Tex. Crim. App. 2007).  Under this standard, we
afford almost total deference to the trial court’s findings of fact,
particularly when those findings are based upon an evaluation of credibility
and demeanor.  Ex parte Amezquita, 223 S.W.3d 363, 367 (Tex. Crim. App.
2006).  We apply the same deference to the trial court’s application of law to
questions of fact if resolution of those issues requires an evaluation of
credibility and demeanor.  Ex parte Legrand, 291 S.W.3d 31, 35–36
(Tex. App.—Houston [14th Dist.] 2009, pet. ref’d).  If resolution of the
ultimate issue turns solely on a question of law, our review is de novo.  Id.

Meman
sought habeas relief on the theory that he was denied effective assistance of
counsel under Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052 (1984), and Padilla v. Kentucky, ––– U.S. –––, 130 S. Ct. 1473
(2010).  To be entitled to relief, he was required to prove by a preponderance
of the evidence that (1) counsel’s performance fell below an objective
standard of reasonableness, and (2) but for counsel’s unprofessional
errors, the result of the proceeding would have been different.  Strickland,
466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068.  Failure to make the
required showing of either deficient performance or sufficient prejudice
defeats the claim of ineffectiveness.  Id. at 697, 104 S. Ct. at
2069.

In Padilla,
the Supreme Court held that counsel’s representation is constitutionally
deficient if counsel fails to warn a noncitizen client of the certainty of
removal when the terms of the relevant immigration statute are “succinct,
clear, and explicit” in defining the removal consequences of a particular
conviction.  Padilla, 130 S. Ct. at 1483.  “When the law is not
succinct and straightforward . . . , a criminal defense
attorney need do no more than advise a noncitizen client that pending criminal
charges may carry a risk of adverse immigration consequences.”  Id.  Following
the Strickland framework for ineffective assistance claims, the Padilla
Court further observed that before relief may be granted, the petitioner must
also convince the court that a decision to reject the plea bargain would have
been rational under the circumstances.  Id. at 1485; see also Hill v.
Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

Meman’s
conviction became final before the Supreme Court’s opinion in Padilla,
but in deciding whether counsel was ineffective on this record, we need not
determine whether Padilla applies retroactively.[5]
 Under any test for ineffective assistance of counsel, Meman’s claim must fail
because Meman has not demonstrated that he was prejudiced by counsel’s alleged
errors.

In
this case, the trial court determined that Meman “failed to prove that there is
a reasonable probability that he would not have pleaded guilty had counsel
advised him differently.”  We must defer to this finding, which is supported by
McCarty’s affidavit that McCarty informed Meman of the consequences of his plea
and that Meman “did not want a trial.”  See Amezquita, 223 S.W.3d at 367
(“When the trial court’s findings of fact in a habeas corpus proceeding are
supported by the record, they should be accepted by [the reviewing court].”). 
As the sole judge of credibility, the trial court was free to accept McCarty’s version
of the events that led to Meman pleading guilty over Meman's claim that he
would have rejected the State’s plea and sought counsel from an immigration
attorney.  Id.

Because
Meman did not carry his burden of showing that he suffered any prejudice, the
trial court did not abuse its discretion by rejecting his claim for ineffective
assistance of counsel.  See Ex parte Moreno, No. 02-11-00272-CR,
2012 WL 3734003, at *7 (Tex. App.—Fort Worth Aug. 30, 2012, no pet. h.)
(holding that trial court did not abuse its discretion by denying application
for a writ of habeas corpus where trial court reasonably concluded that
defendant failed to prove by a preponderance of the evidence that he would not
have pled guilty but for his trial counsel’s allegedly deficient conduct in
informing him of the immigration consequences of his guilty plea).  The trial
court's order denying the application for writ of habeas corpus is therefore
affirmed.

 

 

 

BILL MEIER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  September 27,
2012



 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-12-00098-CR

 

 









 
 
 Ex
 parte Ahamad Sattar Meman
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 396th District
 Court
  
 of
 Tarrant County (C-396-009451-1170577-AP)
  
 September
 27, 2012
  
 Opinion
 by Justice Meier
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s order.  It is ordered that the order of the trial
court is affirmed. 

          It
is further ordered that Appellant Ahamad Sattar Meman shall pay all costs of
this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Bill Meier

 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim.
Proc. Ann. Art. 11.072, § 6 (West 2005).





[3]See Tex. Penal Code
Ann. §§ 31.03 (West Supp. 2012), 31.06 (West 2011).





[4]The record indicates that
Meman’s wife also pleaded guilty to similar charges prior to Meman’s entry of
guilt.  In his sworn affidavit, Meman avers that his wife is also ineligible
for Visa renewal, and that she too will not be allowed to become a naturalized
United States citizen.





[5]Two Texas courts of
appeals have expressly held that Padilla applies retroactively.  See
Ex parte De Los Reyes, 350 S.W.3d 723, 729 (Tex. App.—El Paso
2011, pet. granted); Ex parte Tanklevskaya, 361 S.W.3d 86, 93–95
(Tex. App.—Houston [1st Dist.] 2011, pet. filed).