**Reversed and Remanded and Majority and Dissenting Opinions filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00227-CR

**LEONARDO AGUILAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1290892**

## D I S S E N T I N G   O P I N I O N

Presuming that *Padilla v. Kentucky*, —U.S.—, 130 S.Ct. 1473, 176 L.E.2d 284 (2010), applies to the case under review and presuming that the performance of appellant's trial counsel was deficient, the trial court did not abuse its discretion by impliedly finding that appellant failed to prove he was prejudiced by his trial counsel's deficient performance. Because there is no error in the trial court's judgment, this court may not reverse the trial court's judgment and remand to give appellant a second chance to prove entitlement to habeas corpus relief. This court should affirm the trial court's judgment.

**The trial court did not abuse its discretion by impliedly finding that appellant failed to prove he was prejudiced by his trial counsel's deficient performance.**

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts arbitrarily or unreasonably. *See Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). A trial court abuses its discretion when its decision lies outside of the zone of reasonable disagreement. *See id*.

To prevail on a post-conviction writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In habeas corpus proceedings, "[v]irtually every fact finding involves a credibility determination" and "the fact finder is the exclusive judge of the credibility of the witnesses." *Ex parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996). In an article 11.09 habeas case, such as the case under review, the trial court is the sole finder of fact. *See Ex parte Garcia*, 353 S.W.3d 785, 787–88 (Tex. Crim. App. 2011). Thus, the familiar *Guzman* standard of review applies in appeals from trial court judgments in article 11.09 cases. *See id*.; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Under this standard, the appellate court affords almost total deference to the trial court's fact findings when the findings are supported by the record, especially when those findings are based upon an evaluation of credibility and demeanor. *See Ex parte Garcia*, 353 S.W.3d at 787. Even when, as in the case under review, all evidence is submitted by affidavit, the court of appeals must view the evidence in the light most favorable to the trial court's ruling and presume that the trial court made all reasonable fact findings that could have been made against the losing party. *See Ex parte Wheeler*, 203 S.W.3d at 325–26.

The two-part *Strickland v. Washington* test applies to challenges to "guilty" pleas based on ineffective assistance of counsel. *See Padilla v. Kentucky*, —U.S.—, —, 130 S.Ct. 1473, 1480–82, 176 L.E.2d 284 (2010); *Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.E.2d 674 (1984). In the trial court below, appellant had the burden of proving by a preponderance of the evidence (1) that his counsel's performance was deficient and (2) that there is a "reasonable probability"—one sufficient to undermine confidence in the result—that the outcome would have been different but for his counsel's deficient performance. *See Padilla*, —U.S. at —, 130 S.Ct. at 1482; *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). The Supreme Court of the United States has held that counsel's "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel" and that the *Strickland* standard applies to a claim that counsel's advice regarding the risk of deportation was deficient. *See Padilla*, —U.S. at —,130 S.Ct. at 1481–82. According to the Supreme Court, "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Id*. at 1482. But, the extent of counsel's advice depends on the terms of the relevant statute. When "the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence" of a conviction, that is, the "deportation consequence is truly clear," counsel's duty to give correct advice concerning the risk of deportation is "equally clear." *Id*. at 1483. On the other hand, "[w]hen the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* For the purposes of the analysis in this opinion, it is presumed that (1) the opinion in *Padilla* applies retroactively to the case under review, and (2) the performance of appellant's trial counsel was deficient because he did not advise appellant that appellant's deportation would be "presumptively mandatory" upon appellant's conviction for the offense to which appellant pleaded "guilty." *See id*.

In *Padilla,* the Supreme Court did not change the standard for proving prejudice under *Strickland*, but the Supreme Court made several observations regarding proof of prejudice. *See id*. at 1485. The high court noted that it is often quite difficult for a person who has acknowledged his guilt to satisfy *Strickland*'s prejudice prong and that "[s]urmounting *Strickland*'s high bar is never an easy task." *See id*. at 1485 & n.12. The *Padilla* court stated that "to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id*. at 1485.

The only evidence before the trial court when it denied appellant's request for habeas relief was (1) the affidavit of an immigration attorney, (2) the affidavit of appellant's trial counsel when appellant pleaded "guilty," and (3) the affidavit of appellant. The first two affidavits contained no testimony relevant to *Strickland*'s prejudice prong. In appellant's affidavit, the only statements arguably relevant to prejudice are the following:

> "Residence in the United States of America is very important to me. In this case, it was the most important thing.
>
> "If I had been told that plea of guilty [sic] to misdemeanor possession of a controlled substance made my deportation presumptively mandatory, I would not have pleaded guilty.
>
> "If [appellant's counsel] had correctly informed me about the immigration consequences of my plea, I would have pleaded not guilty and insisted on going to trial."

The above testimony is the only evidence arguably germane to prejudice that was before the trial court when the trial court denied appellant's request for habeas relief. By denying this request, the trial court impliedly found that appellant's testimony lacked credibility. *See Ex parte Wheeler*, 203 S.W.3d at 325–26; *Clarke v. State*, 305 S.W.3d 841, 848 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *Ex parte Legrand*, 291 S.W.3d 31, 42 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). As finder of fact, the trial court was free to disbelieve all of appellant's testimony, even if that testimony was given by affidavit and was uncontroverted. *See Ex parte Wheeler*, 203 S.W.3d at 325–

26; *Ex parte Ali*, —S.W.3d—,—. No. 03-11-00323-CR, 2012 WL 1810194, at \*11 (Tex. App.—Austin May 17, 2012, no pet. h.); *Clarke*, 305 S.W.3d at 848. The trial court reasonably could have disbelieved the part of appellant's affidavit testimony that provided the only arguable proof that a decision to reject the plea bargain would have been rational under the circumstances. *See Ex parte Wheeler*, 203 S.W.3d at 325–26; *Clarke*, 305 S.W.3d at 848. On this basis, alone, the trial court did not abuse its discretion by denying habeas relief. *See Ex parte Wheeler*, 203 S.W.3d at 325–26; *Clarke*, 305 S.W.3d at 848.

In addition, appellant's statement that, but for his counsel's deficient performance, he would have pleaded "not guilty" and insisted on going to trial is conclusory and thus insufficient to prove prejudice under *Strickland*. *See Mallard v. Cain*, 515 F.3d 379, 383 (5th Cir. 2008); *Green v. Johnson*, 160 F.3d 1029, 1042–43 (5th Cir. 1998); *U.S. v. McDougal*, Nos. 1:10cv24-HSO, 1:08cr91-HSO-RHW-5, 2010 WL 4615425, at \*3–4 (S.D. Miss. Nov. 4, 2010).

Appellant does not maintain his innocence. He has not asserted or presented any evidence that he had a plausible defense to the indictment against him. He has not presented evidence of circumstances indicating that rejecting the proffered plea bargain would have been rational. On this record and under the deferential standard for reviewing the trial court's ruling on appellant's request for habeas relief, the trial court did not abuse its discretion by impliedly finding appellant failed to prove that a decision to reject the plea bargain would have been rational. *See Czere v. Butler*, 833 F.2d 59, 64–65 (5th Cir. 1987) (affirming denial of habeas relief, noting that trial court was not required to credit appellant's testimony and that trial court did not err in concluding appellant failed to affirmatively prove he was prejudiced by counsel's deficient performance regarding plea bargain); *McDougal*, 2010 WL 4615425, at \*3–4 (concluding that defendant did not prove that a decision to reject the plea bargain would have been rational); *Ex parte Ali*, 2012 WL 1810194, at \*11–12 (affirming trial court's denial of request for habeas relief under *Padilla* theory because trial court did not abuse its

discretion by finding appellant failed to prove prejudice); *Thomas v. State*, 365 S.W.3d 537, 544 (Tex. App.—Beaumont 2012, pet. filed) (holding that trial court did not abuse its discretion by finding appellant failed to prove that a decision to reject the plea bargain would have been rational). Therefore, this court should affirm the trial court's judgment.

**Absent a conclusion that the trial court erred in finding that appellant failed to prove prejudice, there is no basis for reversing the trial court's judgment and remanding to give appellant a second opportunity to prove prejudice.**

The majority does not conclude that the trial court erred by impliedly finding that appellant did not prove prejudice. Nor does the majority state that the affidavits submitted by appellant were sufficient to prove prejudice. Rather, the majority indicates that appellant did not prove prejudice and then reverses the trial court's judgment "in the interests of justice" so that appellant can have a second opportunity to prove prejudice. *See* ante at pp. 11–12. The majority cites Texas Rule of Appellate Procedure 43.3, which states that "[w]hen reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when (a) a remand is necessary for further proceedings; or (b) the interests of justice require a remand for another trial." Tex. R. App. P. 43.3. Significantly, this rule applies only after an appellate court has decided that the trial court's judgment should be reversed. *Id.* This rule does not give appellate courts a basis for reversing any judgment, nor does it give courts the power to reverse an error-free judgment in the interests of justice or for further proceedings on remand. *See Chrismon v. Brown*, 246 S.W.3d 102, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

The majority states that "this is a developing area of the law." Though this statement is correct, the majority cites no authority that would allow this court to reverse an error-free judgment of the trial court because the case involves a developing area of the law.[1]

---

[1] The Supreme Court of the United States decided *Padilla* more than eight months before appellant filed his application for writ of habeas corpus in the trial court.

The majority also concludes that the trial court denied relief based only upon a conclusion that appellant's trial counsel's performance was not deficient and not based upon a determination that appellant had failed to prove prejudice. Though the trial court stated during the habeas hearing that it thought that the performance of appellant's trial counsel was not deficient, the trial court did not state that it denied relief solely on this basis. In addition, following the hearing the trial court signed a judgment denying relief generally, and this judgment was not limited to the first prong of *Strickland*. In this context, the trial court impliedly concluded that appellant did not prove entitlement to relief under either the first prong or the second prong of *Strickland*. *See Ex parte Wheeler*, 203 S.W.3d at 325–26); *Ex parte Legrand*, 291 S.W.3d at 42. Because the trial court failed to file findings of fact, this court must presume that the trial court made implicit findings of fact that support the trial court's judgment. *See State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000). And, this court is obligated to uphold the trial court's judgment if that judgment is supported by the record and was correct under any theory of law applicable to the case. *See Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003); *Ross*, 32 S.W.3d at 855–56. This rule applies even if the trial court gave the wrong reason for its ruling. *See Armendariz*, 123 S.W.3d at 404; *Romero*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The majority also cites *Padilla*, but *Padilla* does not support the proposition that an intermediate appellate court can reverse an error-free judgment denying habeas relief and remand to give the applicant a second chance to prove entitlement to relief. *See Padilla*, —U.S. at —, 130 S.Ct. at 1486–87 (reversing on discretionary review based upon error under first prong of *Strickland* and not addressing second prong because it was not passed on below). This court errs in reversing the trial court's judgment.

## Conclusion

The trial court did not abuse its discretion by impliedly finding that appellant failed to prove that under the circumstances in the underlying case a decision to reject the

plea bargain would have been rational.  There is no error in the trial court's judgment, and this court should affirm.  Because it does not do so, I respectfully dissent.


/s/             Kem Thompson Frost
                     Justice


Panel consists of Justices Frost, Seymore, and Jamison. (Jamison, J. majority).
Publish — Tex. R. App. P. 47.2(b).